IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND E. WASHINGTON, | ) | |
| | ) | Civil Action No. 10 - 762 |
| Petitioner, | ) | |
| | ) | District Judge Alan N. Bloch |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as this Court does not have jurisdiction over his claims.

**II.    REPORT**

Raymond E. Washington, a former federal prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 claiming that he was erroneously deemed to be ineligible for early release under 18 U.S.C. § 3621(e)(2)(B) and erroneously denied a sentence reduction due to a firearms conviction. For the reasons set forth below, this Court lacks jurisdiction over the petition because he is not in custody with regard to the sentence he is challenging.

In this regard, on June 1, 1990, Petitioner was sentenced in the United States District Court for the Western District of Pennsylvania to a 210 month term of imprisonment with a five year term of supervised release to follow for Conspiracy to Distribute Cocaine and Distribution of less than 500 grams of Cocaine, in violation of 21 U.S.C. §§ 846, and 841(a)(1)(B)(1)(c). On February 1, 2005, he satisfied this sentence and was released from BOP custody.

1

According to records maintained by the Pennsylvania State Department of Corrections, Petitioner is currently serving three concurrent 5-10 year state sentences, all of which were imposed on July 1, 2008. His minimum expiration date is March 7, 2011 and his maximum expiration date is March 7, 2016.

The United States Congress has authorized federal courts to entertain petitions for a writ of habeas corpus only where the individual seeking the writ is "in custody." 28 U.S.C. § 2241(c). Historically, federal courts interpreted the "in custody" requirement strictly; they required that an individual be in the state's physical custody at the time that he or she filed the habeas petition. *See* Richard H. Fallon, Jr., Daniel J. Meltzer & David L. Shapiro, Hart and Wechsler's The Federal Courts and the Federal System 1395 (5th ed. 2003) (citing Wales v. Whitney, 114 U.S. 564 (1885); Stallings v. Splain, 253 U.S. 339 (1920); Weber v. Squier, 315 U.S. 810 (1942)). In more recent times, beginning with Jones v. Cunningham, 371 U.S. 236, 242-43 (1963), the Supreme Court has broadened the definition of custody. Habeas corpus is now available, for example, to prisoners who are released on parole,[1] personal recognizance,[2] and bail,[3] as well as those serving consecutive sentences;[4] to aliens seeking entry into the United States;[5] and to individuals seeking to challenge

---

1. Jones v. Cunningham, 371 U.S. 236, 242-43 (1963).

2. Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 346 (1973); *see also* Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 300 (1984).

3. Lefkowitz v. Newsome, 420 U.S. 283, 286 n. 2 & n. 8 (1975).

4. Peyton v. Rowe, 391 U.S. 54, 67 (1968); *see also* Garlotte v. Fordice, 515 U.S. 39, 46-47 (1995).

5. Jones, 371 U.S. at 240 n. 9 (collecting cases).

their induction into military service.[6]

Despite this expansion of the definition of custody, habeas petitioners must establish that they are subject to conditions that "significantly restrain ... [their] liberty." Jones, 371 U.S. at 243; *see also* Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.").

Here, Petitioner was not in custody with regard to the federal sentence he is challenging at the time he filed the Petition. Because Petitioner was not serving his federal sentence, this Court does not have jurisdiction over his claims. Although it is not disputed that Petitioner currently is incarcerated, this incarceration is due to state criminal convictions. Because his habeas claims have no bearing on his state sentence, this Court is without jurisdiction to review Petitioner's claims.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as this Court does not have jurisdiction over his claims.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

---

6. *Id*. at 240 n. 11.

_____
　　　　　　　　　　　　　　　　Lisa Pupo Lenihan
　　　　　　　　　　　　　　　　United States Magistrate Judge

October 29, 2010

cc:　　Raymond E. Washington
　　　　GY5058
　　　　165 SCI Lane
　　　　Greensburg, PA 15601