IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND E. WASHINGTON, ) | |
| ) | Civil Action No. 10 - 762 |
| Petitioner, ) | |
| ) | District Judge Alan N. Bloch |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM ORDER**

On June 4, 2010, the above captioned case was initiated by the filing of a Motion to Proceed *In Forma Pauperis* (ECF No. 1) accompanied by a Petition for Writ of Habeas Corpus (ECF No. 4) and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge filed a Report and Recommendation on October 29, 2010 (ECF No. 21) recommending that the Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction. Petitioner was served with the Report and Recommendation at his address of record and was advised he was allowed fourteen (14) days from the date of service to file written objections to the Report and Recommendation. Petitioner filed Objections to the Report and Recommendation on November 29, 2010. Although the Objections do not undermine the recommendation made by the Magistrate Judge, they do require further discussion, as set forth below.

Petitioner's petition actually raises two completely distinct issues relating to his sentence at Criminal No. 89-152. The first is whether the United States Bureau of Prisons properly determined

1

him to be ineligible for early release from his sentence of imprisonment in that case based on his completion of a drug treatment program while incarcerated at FCI-Fairton. The second is whether his original sentence at Criminal No. 89-152 was improperly enhanced due to his prior convictions. While the Court has jurisdiction to consider neither of these claims, the rationale is different for each.

As to the first claim, as set forth in the Report and Recommendation, Petitioner is no longer "in custody" under his original sentence at Criminal No. 89-152, as required under 28 U.S.C. § 2241(c). It should be pointed out, however, that although Petitioner's original term of imprisonment of 210 months at each of Counts One, Two, and Three ended on February 1, 2005, he is currently under sentence for subsequent violations of his supervised release. Specifically, in a Petition on Supervised Release dated March 17, 2006, his probation officer alleged that Petitioner had violated the terms of his supervised release by committing several drug-trafficking crimes and requested that the Court issue a bench warrant for Petitioner's arrest. A hearing on this petition was held before this Court on December 11, 2006. Petitioner admitted that he had violated his supervised release, that supervised release must be revoked, and that there was a factual basis for each of these violations.

Accordingly, the Court found that Petitioner had violated the terms of his release as alleged, revoked the supervised release, and sentenced Petitioner to a term of imprisonment of 41 months, consisting of a term of imprisonment of 24 months at each of Counts One and Two, to be served concurrently, and a term of imprisonment of 17 months at Count Three, to be served consecutively to the terms imposed at Counts One and Two.[1] Although Petitioner is currently incarcerated under

---

1    The Third Circuit dismissed Petitioner's appeal of this sentence as untimely pursuant to a March 17, 2008 order. After unsuccessfully attempting to appeal this sentence, Petitioner filed

2

a state sentence for the criminal conduct underlying his supervised release violations, a detainer has been lodged for Petitioner to be transferred to federal custody to serve his 41-month sentence upon the completion of his state sentence.

Although he does not use the term directly, Petitioner's petition and objections implicate the doctrine of collateral consequences, as he argues that, but for the improper length of his sentence, his supervised release would have ended much earlier than the date on which he committed the crimes constituting violations of said release. Accordingly, he argues, indirectly, that his sentence for his violations was the collateral consequence of the improper length of his first sentence.[2] There is no merit to this argument as to Petitioner's first claim.

Under the collateral consequences doctrine, a petitioner may establish standing to raise a claim under Article III of the Constitution even after a sentence has expired by establishing a continuing injury. See Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009)(citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Collateral consequences will be presumed when the petitioner is attacking his conviction while still serving the sentence imposed for the conviction or when the petitioner is attacking the portion of the sentence that is still being served. See id. at 148. However, where a petitioner is attacking a sentence that has already been served, collateral consequences will not be presumed but must be proved. See id. See also United States v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008). Here, as discussed above, Petitioner is no longer serving his original sentence, which

---

a motion seeking to vacate his sentence for violation of his supervised release under 28 U.S.C. § 2255. By order dated January 5, 2009, the Court denied said motion.

2   Petitioner raises this argument primarily in regard to his second claim which, as explained below, was not properly raised as part of his habeas corpus petition. Nonetheless, it is at least arguable that Petitioner's collateral consequences argument also applies to the first claim.

3

is the portion challenged in his first claim. He must, therefore, prove some collateral consequence from the alleged issues with the original sentence.

As stated above, Petitioner attempts to do so by claiming that the Bureau of Prisons improperly determined him to be ineligible for early release based on his completion of a drug treatment program while incarcerated and that this caused his supervised release to commence later than it should have. Had it commenced when it should have, according to Petitioner, it would have ended earlier than the date on which he committed the crimes constituting violations of his release. There are several flaws with this argument.

First, the delayed commencement of a validly imposed term of supervised release is generally insufficient to establish collateral consequences because the effects of such a delay are merely speculative. See Burkey, 556 F.3d at 148. Indeed, the Third Circuit, in dealing with a very similar argument in Scott v. Schuykill FCI, 298 Fed. Appx. 202 (3d Cir. 2008), found that the collateral consequences doctrine did not apply. There, the Third Circuit affirmed the district court's finding that the petitioner's claim that he had been denied 27 days of good conduct time while incarcerated was moot. The appellate court noted that the good time credits, although they affected the petitioner's conditional release date, did not alter the sentence itself and had no impact once the petitioner was released from incarceration. His petition, therefore, was not redressable by a favorable judicial decision. See id. at 204. Here, similarly, any credit Petitioner believes he should have received for completion of the drug treatment program would merely have impacted his conditional release date and not his sentence itself, much less his term of supervised release.

In any event, even assuming Petitioner's contentions about his release date are accurate, his sentence would have ended only a year earlier, which would have led to a release date of

4

approximately February of 2004. His term of supervised release was 5 years, so he still would have been subject to this term when he committed his underlying crimes in 2006 even if he had been released a year earlier. He therefore still would have been in violation of his release and subject to the sentence the Court imposed for those violations. Thus, even if the collateral consequences doctrine did apply generally to the type of delayed release alleged by Petitioner, it would not apply under the facts of this case.

Accordingly, the collateral consequences doctrine does not apply to Petitioner's first claim, and the claim is therefore moot.

As to Petitioner's second claim, regarding the calculation of his original sentence, this claim was not even a proper part of the present petition. A petition filed pursuant to 28 U.S.C. § 2241, such as Petitioner's, "generally challenges the *execution* of a federal prisoner's sentence," rather than the sentence itself. See Daley v. Federal Bureau of Prisons, 192 Fed. Appx. 106, 109 (3d Cir. 2006) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001))(emphasis in original). A motion pursuant to 28 U.S.C. § 2255, on the other hand, is the presumptive means for a federal prisoner to challenge his or her sentence itself. See Hazard v. Samuels, 206 Fed. Appx. 234, 236 (3d Cir. 2006); Shelton v. United States, 201 Fed. Appx. 123, 124 (3d Cir. 2006); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). While Petitioner's first claim does, indeed, challenge the execution of his sentence, the second claim challenges the calculation of the sentence itself and is therefore not properly raised under Section 2241. As such, his allegations as to this claim must be dismissed for lack of jurisdiction. See Fraser v. Zenk, 90 Fed. Appx. 428, 430 (3d Cir. 2004) (citing Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)).

Section 2255 does provide that a writ of habeas corpus may be entertained where a 2255 motion would be inadequate or ineffective to test the legality of detention. However, a 2255 motion is not inadequate or ineffective merely because the prisoner cannot meet the gate keeping requirements of Section 2255. See Hazard, 206 Fed. Appx. at 236; Okereke, 307 F.3d at 120. Accordingly, the fact that a defendant has previously filed a Section 2255 motion and faces strict requirements regarding a second or successive 2255 motion does not entitle him to separate relief. Shelton, 201 Fed. Appx. at 124; United States v. Brooks, 230 F.3d 643, 647-48 (3d Cir. 2000).

Here, Petitioner has made no argument as to why a Section 2255 motion would be inadequate. There is no basis for arguing, and Petitioner does not argue, that a claim that his sentence was improperly calculated cannot be addressed in a Section 2255 motion.[3] Indeed, he did file a Section 2255 motion raising this very issue on April 28, 2010, shortly before he filed the present petition. The Court denied that Section 2255 motion on July 22, 2010 because the motion was untimely and because Petitioner had filed previous motions under Section 2255 and other prior collateral attacks to his conviction and sentence and had not obtained the requisite certification from the Third Circuit Court of Appeals to file a new Section 2255 motion. See Doc. No. 277 of Criminal No. 89-152. As discussed, Petitioner cannot establish that Section 2255 is inadequate or ineffective by the mere fact that he is precluded from filing a second or successive petition. See Shelton, 201 Fed. Appx. at 124; Paster, 190 Fed. Appx. at 139; United States v. Hannah, 174 Fed. Appx. 671, 673 (3d Cir. 2006). Accordingly, there is no basis for the Court to find that Section 2255 is inadequate or ineffective in this case. As such, Petitioner must seek relief pursuant to that section.

---

3 In fact, absent a claim of ineffective assistance of counsel, such a claim should have been raised on direct appeal.

However, there is also no basis for treating his second allegation in the present petition as a request pursuant to Section 2255 to vacate, set aside, or correct his sentence. As noted, the Court already denied a Section 2255 motion raising these same issues as untimely and because Petitioner did not obtain the requisite certification from the Third Circuit to file a second or successive motion. For the same reasons, this Court would lack jurisdiction to consider Petitioner's claims if they were to be considered under Section 2255.

Therefore, for the reasons stated herein, Petitioner's petition is dismissed with prejudice.

Accordingly, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

**AND NOW**, this <u>18th</u> day of January, 2011;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 4) is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 21) is **ADOPTED** as the Opinion of the Court as amended herein.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

<div style="text-align: right;">
By the Court:

s/Alan N. Bloch
Alan N. Bloch
United States District Judge
</div>

cc: Raymond E. Washington
GY 5058
165 SCI Lane
Greensburg, PA 15601